IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT MILLER<br><br>    Plaintiff,<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON N/K/A LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,<br><br>    Defendant. | Civil Action No. |

**COMPLAINT TO RECOVER ERISA WELFARE-PLAN BENEFITS**

This is an ERISA claim to recover long-term-disability-benefits against a welfare-benefit plan administered by and insured by Liberty Life Assurance Company of Boston n/k/a Lincoln Life Assurance Company of Boston and to recover attorney's fees and costs allowed under the ERISA statute. This suit is an example of abuses where "the insurance industry found it could largely immunize itself from suit due to the Employee Retirement Income Security Act ("ERISA")." *United States v. Aegerion Pharmaceuticals, Inc.*, 280 F. Supp. 3d 217, 226 (D. Mass. 2017).

**PARTIES**

1. Mr. Miller, Robert Miller, ("Mr. Miller"), is a resident of Marion County, Florida.

2. Defendant Liberty Life Assurance Company of Boston n/k/a Lincoln Life Assurance Company of Boston ("Lincoln Life") is authorized to engage in the business of insurance under the laws of the Commonwealth of Massachusetts as a licensed foreign insurer and is doing business in the Commonwealth of Massachusetts. Lincoln Life Assurance Company is the successor to Liberty Life Assurance Company of Boston which had insured and

1

administered the Charter Communications, Inc. Long-Term Disability Plan ("LTD Plan"). The LTD Plan is an ERISA governed welfare-benefit plan.

## JURISDICTION AND VENUE

3.     This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Mr. Miller's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

4.     The ERISA statute, at 29 U.S.C. § 1133, as well as the Secretary of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

5.     Venue is proper within the District of Massachusetts under 29 U.S.C. § 1132(e)(2) because Lincoln Liberty is located here, and the insurance policy funding the LTD Plan states the insurance policy was "signed at Liberty's Home office, 175 Berkeley Street, Boston, Massachusetts, 02117."

## FACTS COMMON TO ALL COUNTS

6.     Charter Communications, Inc. ("Charter") employed Mr. Miller.

7.     As part of his compensation for providing services to Charter, Mr. Miller participated in the LTD Plan.

8.     Benefits under the LTD Plan are insured by Lincoln Life under Group Long Term Disability Policy No. GD/DF3-840-444809-01.

9. Mr. Miller is a participant or beneficiary in the LTD Plan as defined by ERISA, 29 U.S.C. § 1002(7).

10. On December 15, 2017 Mr. Miller ceased working because of occupational impairment caused by stage four kidney-disease and neuropathy.

11. Mr. Miller has been and continues to be disabled as defined by the provisions of the LTD Plan and insurance policy.

12. "Disabled" is defined by the Plan as:

   i. During the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and

   ii. Thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation

13. "Any Occupation" is defined by the LTD Plan as "any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity."

14. Mr. Miller is unable to work in his own occupation as a Community Sales Specialist or in "Any Occupation" as defined by the LTD Plan.

15. Mr. Miller has been under the continuous care of medical doctors and other healthcare professionals.

16. Mr. Miller applied for LTD benefits under the LTD Plan.

17. On August 27, 2018 Lincoln Liberty denied his application for LTD benefits under the LTD Plan.

18. On May 13, 2019, Mr. Miller made a written request for "a copy of any claims manuals, procedures, policies or any other internal guidelines regardless of whether they were

used in this case," as required to be disclosed by Lincoln Life under the Secretary of Labor ERISA claims regulations.

19. Lincoln Life never delivered to Mr. Miller a copy of "any claims manuals, procedures, policies or any other internal guidelines."

20. Mr. Miller timely appealed Lincoln Liberty's adverse-benefit determination.

21. Three of Mr. Miller's treating physicians, including two with expertise in nephrology, Drs. Jeffrey Glaze and Gerald Norris, determined that he is totally disabled and unable to work in any occupation.

22. On February 13, 2019 Lincoln Life rendered a final adverse-benefit determination denying benefits again.

23. Lincoln Life relied solely on file-reviewing physicians to deny Mr. Miller's claim rather than conducting an in-person medical examination.

24. One of Lincoln Life's Case Managers testified in March 2018 that Lincoln Life always relies on the opinion of the file-reviewing physician over the opinion of the claimant's treating physicians. (Exhibit A – Excerpts from the Deposition of Amanda Pipenbacher, 92:16-93.18, *Addington v. Lincoln Life Assurance Co. of Boston, et al.*, No. 2:17-cv-00444 (W.D. Pa.), 3/29/2018).

25. Lincoln Life acted consistently with its usual practice in relying automatically and solely on its own hired doctor instead of properly evaluating the evidence.

26. Lincoln Life's automatic reliance on its own hired physician is both evidence of arbitrary and capricious decision-making and evidence showing bias toward denying the claim.

27. The Social Security Administration ("SSA") approved Mr. Miller's claim under its disability insurance ("SSDI") program and began paying him $2,305.00 per month on July 1, 2018.

28. Lincoln Life was aware of Plaintiff's approval for SSDI benefits.

29. The SSA definition of disability is more restrictive than both the "Own Occupation" and "Any Occupation" definitions of disability found in the Lincoln Life policy.

30. Lincoln Life dismissed the SSA decision with boilerplate language in its February 13, 2019, stating:

> [T]hat while we fully considered the Social Security Administration's ruling, the decision by the Social Security Administration does not determine entitlement to benefit under the terms and conditions of the Charter Communications, Inc.'s Group Disability Income Policy. Moreover, Liberty Life has obtained and considered medical and vocational assessments that were not considered by the Social Security Administration in its determination process.

31. Lincoln Life does not address in that letter the fact that definition of disability in its LTD policy is less restrictive than the definition of disability used by the SSA.

32. Lincoln Life's failure to consider Mr. Miller's SSA Award and using boilerplate language in addressing SSA's decision is consistent with recent testimony by one of Liberty Life's employees, who admitted that Case Managers at Lincoln Life do not consider SSA disability determinations in their review of an LTD claim, are not aware of the SSA's definition of disability, and the only impact the SSA decision has on a claim is to give the Case Manager the ability to reduce the amount of LTD benefits paid. (Exhibit A – Excerpts from the Deposition of Amanda Pipenbacher, Exhibit A – Excerpts from the Deposition of Amanda Pipenbacher, *Addington v. Lincoln Life Assurance Co. of Boston, et al.*, No. 2:17-cv-00444 (W.D. Pa.), 3/29/2018).

33. Lincoln Life misrepresented its consideration of Plaintiff's SSA award when it included boilerplate language in its review that inaccurately portrayed the consideration it gave the award.

34. Lincoln Life's failure to consider Mr. Miller's SSA Award and using boilerplate language in addressing SSA's decision was both evidence of arbitrary and capricious decision-making and evidence showing its bias toward denying the claim.

35. Lincoln Life owed Mr. Miller duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

36. Lincoln Life was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

37. Lincoln Life allowed its concern over its own funds to influence its decision-making.

38. Lincoln Life breached its fiduciary duties to Mr. Miller, including the duty of loyalty.

39. Lincoln Life failed to include evidence in the pre-suit claim file that it insulates its employees form the pernicious effects of financial conflict.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B)

40. Mr. Miller realleges the preceding paragraphs and incorporates the same by reference as if fully set forth herein again.

41. The decision to deny benefits by Lincoln Life was wrongful and not in compliance with laws and the terms of the LTD Plan.

42. Lincoln Life materially violated the Secretary of Labor's claim regulations, for reasons including failing to provide copies of "any claims manuals, procedures, policies or any other internal guidelines." 29 C.F.R. §§ 2560.503-1(h)(2)(iii) and (m)(8)(iv).

43. Internal guidelines are relevant to a consideration of whether the claims procedure was applied consistently by Lincoln Life compared with Liberty's adjudication of Mr. Miller's claim. *Glista v. Unum Life Ins. Co. of Am.*, 378 F.3d 113, 124 (1st Cir. 2004).

44. Lincoln Life's decision must be reviewed *de novo* by this Court.

45. Lincoln Life bears the burden to prove that the default *de novo* standard of review does not apply.

46. Because of Lincoln Life's refusal and failure to pay to Mr. Miller disability benefits provided to him and to those participants who are totally disabled, Mr. Miller is entitled to relief against Lincoln Life to recover benefits due to him under the terms of the LTD Plan, to enforce his rights to benefits under the LTD Plan, and to clarify his rights to future benefits under the LTD Plan under 29 U.S.C. § 1132 (a)(1)(B).

**SECOND CAUSE OF ACTION**

**AWARD OF ATTORNEY'S FEES AND COSTS**

47. Mr. Miller realleges the preceding paragraphs and incorporates the same by reference as if fully set forth herein again.

48. Lincoln Life unlawfully denied benefits and has caused Mr. Miller to incur attorney's fees and cost and will cause her to incur additional fees and costs. Mr. Miller may recover under 29 U.S.C. § 1132 (g), costs, including reasonable attorneys' fees and interest at no

less than the Massachusetts statutory rate of 12% simple interest per annum on all back due benefits.

## REQUEST FOR RELIEF

**WHEREFORE, Plaintiff** Robert Miller demands relief and judgment against the defendant:

A.   For a sum of money to be determined by this Court, plus pre-judgment interest (at no less than the Massachusetts statutory rate), post-judgment interest, costs, and reasonable attorney's fees allowed by statute or otherwise.

B.   Injunctive relief declaring the rights and duties of the plaintiff and defendant regarding past benefits owed to the plaintiff, and future benefits to be paid to the plaintiff.

C.   For an order precluding defendant from using offsets in the LTD Plan because of its unclean hands.

D. In the alternative, remanding the benefit denial to defendant to be decided again with an order requiring "full and fair review" under ERISA, 29 U.S.C. §1133(2).

E. For such other legal or equitable relief as this Court deems just and proper.

Respectfully submitted

**ROBERT MILLER**

BY: /s/ Jonathan Feigenbaum
Jonathan Feigenbaum (BBO #546686)
Jonathan M. Feigenbaum, Esquire
184 High Street, Suite 503
Boston, MA 02110
jonathan@erisaattorneys.com
T: (617) 357-9700
F: (617) 227-2843

R. Chandler Wilson (TN #034491)
Eric Buchanan & Associates, PLLC
414 McCallie Avenue
Chattanooga, TN 37402
T: (423) 634-2506
cwilson@buchanandisability.com
*Pro Hac Vice Motion to Follow*